ON REHEARING

PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BARBARA TAYLOR,
                    *Plaintiff-Appellant,*

v.

PROGRESS ENERGY, INCORPORATED,
                    *Defendant-Appellee.*

---

NATIONAL EMPLOYMENT LAWYERS
ASSOCIATION; NORTH CAROLINA
ACADEMY OF TRIAL LAWYERS,            No. 04-1525
          *Amici Supporting Appellant,*

EQUAL EMPLOYMENT ADVISORY
COUNCIL; SOCIETY FOR HUMAN
RESOURCE MANAGEMENT;
CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA; ELAINE
CHAO, Secretary of Labor,
                    *Amici Supporting Appellee.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Malcolm J. Howard, District Judge.
(CA-03-73-7-H)

Argued: October 25, 2006

Decided: July 3, 2007

Before MICHAEL and DUNCAN, Circuit Judges, and
Robert E. PAYNE, United State District Judge for the
Eastern District of Virginia, sitting by designation.

Opinion reinstated by published opinion. Judge Michael wrote the majority opinion, in which Judge Payne joined. Judge Duncan wrote a dissenting opinion.

---

**COUNSEL**

**ARGUED:** April Gordon Dawson, DAWSON, DAWSON & DAWSON, P.A., Graham, North Carolina, for Appellant. Zebulon Dyer Anderson, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P., Raleigh, North Carolina, for Appellee. Howard Marc Radzely, UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor, Washington, D.C., for Elaine Chao, Secretary of Labor, Amicus Supporting Appellee. **ON BRIEF:** Robert M. Elliot, J. Griffin Morgan, ELLIOT, PISHKO, MORGAN, P.A., Winston-Salem, North Carolina, for National Employment Lawyers Association and North Carolina Academy of Trial Lawyers, Amici Supporting Appellant; Marissa M. Tirona, THE NATIONAL EMPLOYMENT LAWYERS ASSOCIATION (NELA), San Francisco, California, for National Employment Lawyers Association, Amicus Supporting Appellant. Stephen A. Bokat, Robin S. Conrad, Robert J. Costagliola, NATIONAL CHAMBER LITIGATION CENTER, INC., Washington, D.C., for The Chamber of Commerce of the United States of America; Ann Elizabeth Reesman, MCGUINESS, NORRIS & WILLIAMS, L.L.P., Washington, D.C., for Equal Employment Advisory Council and Society for Human Resource Management, Amici Supporting Appellee. Steven J. Mandel, Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation, Lynn S. McIntosh, UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor, Washington, D.C., for Elaine Chao, Secretary of Labor, Amicus Supporting Appellee.

---

**OPINION**

MICHAEL, Circuit Judge:

The central issue in this appeal, now before us on rehearing, is the meaning of 29 C.F.R. § 825.220(d) (section 220(d)), a regulation

implementing the Family and Medical Leave Act of 1993 (FMLA or Act), 29 U.S.C. § 2601 *et seq.* The regulation reads: "Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA." In our vacated opinion we held that the regulation prohibits both the prospective and retrospective waiver of any FMLA right unless the waiver has the prior approval of the Department of Labor or a court. *Taylor v. Progress Energy, Inc.* (*Taylor I*), 415 F.3d 364, 369 (4th Cir. 2005), *vacated*, No. 04-1525, 2006 U.S. App. LEXIS 15744 (4th Cir. June 14, 2006). The losing party (the defendant) in *Taylor I* filed a petition for rehearing en banc, and the Secretary of Labor (the DOL) filed an amicus brief in support of that petition. The DOL disagreed with our interpretation of section 220(d), and we granted panel rehearing to consider the DOL's contrary interpretation. The case was reargued, this time with the agency participating. The DOL contends that section 220(d) bars only the prospective waiver of FMLA rights. After reconsideration we remain convinced that the plain language of section 220(d) precludes both the prospective and retrospective waiver of all FMLA rights, including the right of action (or claim) for a past violation of the Act. We therefore reinstate our opinion in *Taylor I*.

I.

An agency's interpretation of its own regulation is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks and citation omitted). As we will demonstrate, the DOL's interpretation of section 220(d) is inconsistent with the regulation.

A.

Again, the regulation states: "Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. § 825.220(d). The DOL contends that in *Taylor I* we erred in interpreting section 220(d) by failing to focus on the word "rights." In its amicus brief to us the DOL argued that the word "rights" does not include claims. Later, the DOL substantially undercut this argument in an amicus brief filed in the Eastern District of Pennsylvania. In *Dougherty v. TEVA Pharms. USA, Inc.*, No. 05-2336, 2007 U.S. Dist. LEXIS 27200 (E.D. Pa. Apr. 11, 2007), the DOL conceded that

the "right to sue," that is, the right to assert a *claim*, is a "right under the FMLA" that cannot be waived prospectively under the regulation. Brief of Secretary of Labor as Amicus Curiae at 4 n.6, *Dougherty*, 2007 U.S. Dist. LEXIS 27200 (*Dougherty* Amicus Br.). We will consider the DOL's shifting arguments momentarily, but first we will explain why the section 220(d) phrase "rights under FMLA" plainly includes *claims* under the FMLA. The explanation is simple.

There are three categories of "rights under FMLA," substantive, proscriptive, and remedial. Substantive rights include an employee's right to take a certain amount of unpaid medical leave each year and the right to reinstatement following such leave. 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(1). Proscriptive rights include an employee's right not to be discriminated or retaliated against for exercising substantive FMLA rights. *Id.* § 2615(a)(2). The remedial right is an employee's "[r]ight of action," or "right . . . to bring an action" or claim, "to recover [ ] damages or [obtain] equitable relief" from an employer that violates the Act. *Id.* §§ 2617(a)(2), (a)(4). The regulation, by specifying "rights under FMLA," therefore refers to *all rights* under the FMLA, including the right to bring an action or claim for a violation of the Act.

This reading is confirmed by the regulation's relationship to § 2615(a)(1) of the statute. Section 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, *any right* provided under [the FMLA]." (emphasis added). The regulation implements (among others) this statutory provision, making clear that an employer cannot "induce employees to waive[ ] their rights under FMLA" because that would interfere with an employee's exercise of, or attempt to exercise, FMLA rights. *See* 29 C.F.R. § 825.220(d). Because § 2615(a)(1) prohibits employer interference with "any right provided under [the FMLA]," including § 2617(a)(2)'s right of action, the regulation's phrase, "rights under FMLA," also refers to the statutory right of action or claim.

Section 220(d)'s use of the word "rights" to refer to a right of action or claim is consistent with common usage. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 705 (1945) (stating that an employee's Fair Labor Standards Act (FLSA) claim for liquidated damages is a "statutory right" that cannot not be waived in a settlement agreement);

Black's Law Dictionary 1348 (8th ed. 2004) (defining "legal right" as "[t]he capacity of asserting a legally recognized claim against one with a correlative duty to act").

For all of these reasons, section 220(d)'s prohibition on the waiver of rights includes a prohibition on the waiver of claims.

We now turn to the specifics of the DOL's evolving argument. In its amicus brief to us the agency points out that "the regulation refers only to the waiver of FMLA '*rights*' and makes no mention of the settlement or release of *claims*." DOL Amicus Br. at 4. Thus, the DOL starts out with the assertion that section 220(d) "regulates only the prospective waiver of FMLA *rights*, not the retrospective settlement of FMLA *claims*." *Id.* But the DOL then seeks to narrow the scope of the regulation even further by adopting the holding of *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316 (5th Cir. 2003). *See* DOL Amicus Br. at 6 (noting "Department's and [*Faris*'s] plain reading" of section 220(d)); *id.* at 4-5 (endorsing district court's "correct[ ] conclu[sion]," which is identical to *Faris*'s, as to the meaning of section 220(d)). *Faris* held that the regulation prohibits only the prospective waiver of the FMLA's *substantive* rights. 332 F.3d at 322.

In endorsing the *Faris* holding, the DOL advanced an interpretation of the regulation that would allow an employee to waive prospectively her proscriptive and remedial rights under the FMLA. Thus, on her first day on the job an employee could prospectively waive (1) her proscriptive right to be free from employer retaliation for her attempts to exercise FMLA rights and (2) her right to sue for an employer's refusal to grant FMLA leave. This interpretation would undermine the purpose of the FMLA and section 220(d) and turn the FMLA's substantive rights into empty and unenforceable pronouncements.

The DOL acknowledged this problem in its later-filed amicus brief in *Dougherty*, where it rejected *Faris*'s determination that the regulation applies only to substantive rights. *Dougherty* Amicus Br. at 4 n.6. There, the DOL recognized that the "right to sue" (or assert a claim) is also a "right under the FMLA" that cannot be waived prospectively.[1]

---

[1] The DOL characterizes the right to sue as a proscriptive right. *See Dougherty* Amicus Br. at 4 n.6. The right to sue for violations of the FMLA, *see* 29 U.S.C. § 2617(a)(2), is better characterized as a remedial right. Nevertheless, we agree that the right to sue is a "right under the FMLA."

*Id.* The DOL thus abandoned its previous position that section 220(d) does not prohibit the waiver of any claim. According to the DOL's most recent interpretation, an employee cannot prospectively waive claims for future violations of the FMLA, but she can waive claims for past violations. The relevant distinction for the DOL is therefore between prospective and retrospective waivers, not between rights and claims as it argued in its amicus brief before this court.

There is nothing in the text of section 220(d) that permits a distinction between prospective and retrospective waivers. The regulation states plainly that "[e]mployees cannot waive . . . their rights under FMLA." 29 C.F.R. § 825.220(d). As we pointed out in *Taylor I*, the word "waive" has both a prospective and retrospective connotation. 415 F.3d at 370. Courts, including the Supreme Court, frequently use the word "waive" to refer to the post-dispute or retrospective release or settlement of claims. *See, e.g.*, *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-27 (1998) ("An employee may not waive an ADEA claim unless the waiver or release satisfies [statutory] requirements.") (internal quotations omitted); *Brooklyn Sav. Bank*, 324 U.S. at 710 (stating that employee could not "waive claim[ ] for liquidated damages" against employer for past violations of the FLSA); *Jefferson v. Vickers, Inc.*, 102 F.3d 960, 964 (8th Cir. 1996) (stating that an employer can condition certain retirement benefits on an employee's "waiver of employment claims"); *Allen v. Sybase, Inc.*, 468 F.3d 642, 646 (10th Cir. 2006) (noting that employees signed a release form "in which they waived any claims they had against the company"). Because the word "waive" has a retrospective connotation, the regulation applies to the retrospective waiver of claims.

B.

The DOL urges us to consider the recent *Dougherty* decision in the Eastern District of Pennsylvania. 2007 U.S. Dist. LEXIS 27200. There, the court, on reasoning developed on its own, reached the result sought by the DOL. The court held that section 220(d) does not prohibit the retrospective waiver or settlement of a claim because "the decision to bring a claim" is not a right under the FMLA. *Id.* at *23. The reasoning behind this holding does not withstand close analysis.

The court first stated that section 220(d) prohibits waivers of the FMLA's "substantive protections (i.e. FMLA leave) and its proscriptive ones (i.e. right to sue for retaliation)."[2] *Id.* at \*24. It concluded, however, that retrospective waivers are permissible because the "decision to bring a claim (saying that you are going to *exercise* your right to sue) is not a separate right under the FMLA." *Id.* (emphasis in original). It added, "Nowhere does the FMLA (or the regulation) mandate that an aggrieved employee must exercise her proscriptive rights and bring an FMLA claim." *Id.*

To begin with, *Dougherty*'s conclusion — that "the ability [or decision] to bring [an FMLA] claim" is "a kind of right" but not a "right under the FMLA" — ignores FMLA's text. The FMLA explicitly makes the "right . . . to bring an action" or claim for a violation a right under the Act. *See* 29 U.S.C. §§ 2617(a)(2), (a)(4).

Moreover, *Dougherty* confuses the decision to exercise rights with waiver of rights. The regulation does not prevent an employee from deciding not to exercise her FMLA rights. An employee denied FMLA leave could, for example, decide initially not to bring a claim for the violation. This employee does not waive any rights because she could reconsider and decide to bring a claim at a later time. However, an employee who signs a release or settlement agreement does more than *decide* not to exercise her right to sue; she relinquishes that right entirely. While section 220(d) does not prevent an employee from deciding not to exercise the right to sue, it does prevent her from waiving or relinquishing that right.

We are not persuaded by the reasoning in *Dougherty*.

### C.

The DOL contends that its reading of section 220(d) "is consistent with the well-accepted policy disfavoring prospective waivers [of rights], but encouraging settlement of claims, in employment law." DOL Amicus Br. at 5. This statement overlooks an important exception in employment law to the general policy favoring the post-

---

[2]The *Dougherty* court, like the DOL, categorizes the right to sue as a proscriptive right. 2007 U.S. Dist. LEXIS 27200, at \*21.

dispute settlement of claims. The settlement or waiver of claims is not permitted when "it would thwart the legislative policy which [the employment law] was designed to effectuate." *Brooklyn Sav. Bank*, 324 U.S. at 704.

For example, under the FLSA, a labor standards law, there is a judicial prohibition against the unsupervised waiver or settlement of claims. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946). In the FLSA, Congress, among other things, prescribes a minimum wage to foster the "minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). Any wage settlement that gave the employee less than the statutory minimum would frustrate Congress's objective of imposing uniform minimum pay requirements. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (stating that waivers of FLSA rights and claims would nullify the congressional purpose of imposing nationwide minimum standards of employment). Moreover, allowing below-minimum pay through settlement discounts would permit an employer to evade the FLSA and gain an unfair competitive advantage. *See Brooklyn Sav. Bank*, 324 U.S. at 710.

The reasons for the prohibition on private settlement of FLSA claims apply with equal force to FMLA claims. Congress explains in the FMLA's legislative history that the Act "fits squarely within the tradition of the labor standards laws that . . . preceded it," such as the FLSA and the Occupational Safety and Health Act. S. Rep. No. 103-3, at 5 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 7. The FMLA, following the FLSA model, provides a "minimum floor of protection" for employees by guaranteeing that a minimum amount of family and medical leave will be available annually to each covered employee. *Id.* at 18. As with the FLSA, private settlements of FMLA claims undermine Congress's objective of imposing uniform minimum standards. Because the FMLA requirements increase the cost of labor, employers would have an incentive to deny FMLA benefits if they could settle violation claims for less than the cost of complying with the statute. Further, employers settling claims at a discount would gain a competitive advantage over employers complying with the FMLA's minimum standards. *See Taylor I*, 415 F.3d at 375. To avoid these problems, section 220(d) follows the FLSA model and prohibits the waiver of all FMLA rights. All employers are held to providing

the minimum leave specified, without the option to deny it and buy out claims at a later date.

The DOL fails in its attempt to analogize the FMLA to Title VII and the Age Discrimination in Employment Act (ADEA), under which the retrospective waiver of claims is allowed. To begin with, neither Title VII nor the ADEA has an implementing regulation, like section 220(d), that prohibits the waiver of all rights under the statute.[3] Furthermore, Title VII and the ADEA are not labor standards laws like the FMLA. Rather, Title VII and the ADEA were enacted to outlaw discrimination against specific classes of employees and provide redress for injuries caused by discrimination. *See Landgraf v. Usi Film Prods.*, 511 U.S. 244, 254 (1994). Private settlements further these purposes by imposing a cost on discrimination that encourages compliance. The same cannot be said with respect to the FMLA, where settlements that are cheaper than compliance would encourage noncompliance, thereby undermining the Act's purpose of imposing minimum standards for family and medical leave. In short, Title VII and the ADEA do not provide the best settlement model for the FMLA. Congress has indicated as much by analogizing the FMLA to the FLSA, under which the private settlement of claims is prohibited. 29 U.S.C. §§ 2616, 2617(b); *see also* S. Rep. 103-3, at 35 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 37 (stating that the FMLA's "enforcement scheme is modeled on the enforcement scheme of the FLSA"). Indeed, as we discuss in part II, the DOL itself likened the FMLA to the FLSA when it promulgated section 220(d) and prohibited employee waiver of all FMLA rights.

## II.

The DOL's present interpretation of section 220(d) is also inconsis-

---

[3]Such a regulation would not be possible under either Title VII or the ADEA. The Equal Employment Opportunity Commission, the agency charged with the administration and enforcement of Title VII, lacks authority to issue binding substantive regulations with respect to that statute. *See General Elec. Co. v. Gilbert*, 429 U.S. 125, 141 (1976); 42 U.S.C. § 2000e-12(a). The ADEA, for its part, specifically authorizes the "knowing and voluntary" retrospective waiver of claims. *See* 29 U.S.C. § 626(f)(1).

tent with what the DOL said it intended the regulation to mean at the time it was promulgated. We do not defer to an agency's interpretation if "an alternative reading is compelled by . . . indications of the Secretary's intent at the time of the regulation's promulgation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (citation omitted). As we pointed out in *Taylor I*, when the regulation was being finalized, the DOL specifically considered and rejected proposed amendments that would have permitted the interpretation now advanced by the DOL. *See* 415 F.3d at 370-71. In the "Summary of Major Comments" published in the 1995 preamble to the final version of section 220(d) and other FMLA implementing regulations, the DOL acknowledged the concerns expressed by the U.S. Chamber of Commerce and several corporations regarding "the 'no waiver of rights' provisions" in section 220(d). Preamble to the Final Regulations Implementing the Family and Medical Leave Act of 1993, 60 Fed. Reg. 2180, 2218 (Jan. 6, 1995). These representatives of business "recommended explicit allowance of waivers and releases in connection with [the] settlement of FMLA claims and as part of a severance package (as allowed under Title VII and ADEA claims, for example)." *Id.* In response the DOL explained that it had "given careful consideration to the comments on this section [section 220(d)] . . . and . . . concluded that prohibitions against employees waiving their rights and employers inducing employees to waive their rights constitute sound public policy under the FMLA, as is also the case under other labor standards statutes such as the FLSA." *Id.* By rejecting business's suggestion that the regulation be modified to permit waivers and releases in connection with the *settlement* of FMLA claims, the DOL made clear that it intended for section 220(d) to prohibit the retrospective waiver of claims.

The DOL now says that it actually made no response to the claims settlement comment from the business representatives. According to the DOL, our decision in *Taylor I* "incorrectly interpreted the Department's silence as to the retrospective settlement of FMLA claims in the preamble to the final regulations as an indication that such settlements are prohibited under section 220(d)." DOL Amicus Br. at 9. The DOL asks us to take what it calls silence "as an indication that it did not perceive [retrospective] settlements as falling within the scope of the regulation." *Id.* The DOL was not silent. It did respond and its response must take into account the comment. The comment

could not have been clearer: business representatives asked for an amendment to the proposed regulation that would explicitly allow "waivers and releases in connection with *settlement* of FMLA claims," that is, claims for past violations. 60 Fed. Reg. at 2218. The DOL's response was likewise clear. The agency said it had carefully considered the comment, indicating that it fully understood what the comment proposed. *Id.* The DOL then rejected the proposal with its conclusion "that prohibitions against employees waiving their rights and employers inducing employees to waive their rights constitute sound public policy under the FMLA, as is also the case under other labor standards statutes such as the FLSA." *Id.* The clarity and firmness of the DOL's rejection of the comment is underscored by the agency's statement that it was adopting the same no-waiver-of-rights policy that applies to the FLSA. Under the FLSA, of course, the unsupervised settlement of claims is not allowed.

The DOL also argues that its statement in the preamble that "an employee on FMLA leave may be required to give up his or her remaining FMLA leave entitlement to take an early-out offer from the employer," 60 Fed. Reg. at 2219, made clear that section 220(d) would not affect releases in connection with severance packages. We disagree. This statement only addressed the ERISA Industry Committee's concern that an employee who takes early retirement while on FMLA leave might continue to assert leave rights, such as the right to continuing group health coverage. The DOL's response simply clarifies that the employee does not waive any FMLA rights in this circumstance because the employee's right to FMLA leave ends with the cessation of the employment relationship. *See Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998) (holding that employee who received medical treatment a week after he was fired was not eligible for FMLA leave). The response does not imply that an employee who accepts an early retirement may waive her right of action for past FMLA violations, for that right would extend beyond the end of employment.

For these reasons we adhere to our *Taylor I* assessment of the DOL's intent at the time of section 220(d)'s promulgation: "By rejecting business's suggestion that waivers and releases should be allowed in connection with the post-dispute settlement of FMLA claims, the DOL made clear that § 825.220(d) was never intended to have only

prospective application." 415 F.3d at 371. As a result, we do not defer to the completely different interpretation of the regulation that the DOL advances in this case. *See Thomas Jefferson Univ.*, 512 U.S. at 512.

## III.

In *Taylor I* we relied on the congressionally recognized similarities between the FMLA and the FLSA to conclude that section 220(d) "must be construed to allow the waiver or release of FMLA claims with prior DOL or court approval," as is the case with respect to FLSA claims. 415 F.3d at 374. The DOL asserts that "the requirement of Department or court supervision" will create added burdens on the DOL and the courts and "will harm employees by delaying resolution of their cases." DOL Amicus Br. at 15. We are confident that both the DOL and the courts will work diligently to deal with these cases in a prompt and efficient manner. The DOL already has a system in place for reviewing FMLA claim settlements in administrative cases, and it has had even broader experience in supervising FLSA settlements. The courts will only be supervising settlements in court actions brought pursuant to the FMLA, and we do not believe that this responsibility will create an undue burden.[4]

## IV.

We reaffirm our conclusion that, without prior DOL or court approval, 29 C.F.R. § 825.220(d) bars the prospective and retrospective waiver or release of rights under the FMLA, including the right

---

[4]We note that the DOL appears to have section 220(d) under consideration in connection with its rulemaking responsibilities under the FMLA. Shortly after oral argument the DOL issued a notice that includes a request for public comment on section 220(d). Request for Information on the Family and Medical Leave Act of 1993, 71 Fed. Reg. 69504, 69509-10 (Dec. 1, 2006). The notice sets forth our interpretation of the regulation in *Taylor I* and notes that the agency argued for a different interpretation in its post-decision amicus brief. The notice's information request — couched in language that telegraphs the DOL's current interpretation — "seeks input on whether a limitation should be placed on the ability of employees to settle their past FMLA claims." *Id.*

to bring an action or claim for a violation of the Act. We therefore reinstate our prior opinion in *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005).

*IT IS SO ORDERED*.

DUNCAN, Circuit Judge, dissenting:

The Family and Medical Leave Act (the "FMLA") provides aggrieved employees with a "[r]ight of action," 29 U.S.C. § 2617(a)(2), or a "right . . . to bring an action," *id.* § 2617(a)(4), against an employer who commits any of the acts prohibited by the statute. The Department of Labor (the "DOL"), in its regulations implementing the FMLA, has declared: "Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA." 29 C.F.R. § 825.220(d). The crux of the majority's reasoning is that "[t]he regulation, by specifying 'rights under FMLA,' . . . refers to *all rights* under the FMLA," Majority Op. at 4, including in particular the "*[r]ight* of action" or "*right . . .* to bring an action" described in § 2617(a)(2), (4) (emphasis added).

The majority's position is, standing alone, eminently reasonable. Indeed, we defensibly so held after first hearing oral argument in this appeal. *See Taylor v. Progress Energy, Inc.* (*Taylor I*), 415 F.3d 364, 369 (4th Cir. 2005), *vacated*, No. 04-1525, 2006 U.S. App. LEXIS 15744 (4th Cir. June 14, 2006). We reached our decision guided by established rules of statutory construction appropriate for the procedural posture of the case as it then existed. *See id.* The majority clearly and thoughtfully recounts that analysis here.

The course of this appeal was unexpectedly diverted, however, when the DOL rejected the analysis of *Taylor I* in its belated amicus brief supporting Progress Energy's petition for rehearing en banc. *See* Amicus Br. for Secretary of Labor at 4 (interpreting the regulation not to prohibit the waiver of causes of action). After such interposition, the question in the case was necessarily recast. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997) (recharacterizing the central issue in the case, after the Secretary of Labor filed an amicus brief, as whether the Secretary's interpretation of his own regulations is "plainly erroneous or inconsistent with the regulation" (internal quotations omitted)).

Therefore, the issue before us is no longer whether the interpretation that we adopted in *Taylor I* was reasonable, but rather whether it is compelled by the language of the regulation.

I feel constrained to conclude that it is not. There are few words in the legal lexicon more ubiquitous and freighted than the term "right." *See United States v. Patrick*, 54 F. 338, 348 (C.C.M.D. Tenn. 1893) ("The words 'rights' or 'privilege' have, of course, a variety of meanings, according to the connection or context in which they are used."); Wesley Newcomb Hohfeld, *Some Fundamental Legal Conceptions as Applied in Judicial Reasoning*, 23 Yale L.J. 16, 30-31 (1913) ("[T]he term 'rights' tends to be used indiscriminately to cover what in a given case may be a privilege, a power, or an immunity, rather than a right in the strictest sense; and this looseness of language is occasionally recognized by the authorities. . . . [W]e must . . . recogniz[e] . . . the very broad and indiscriminate use of the term 'right.'" (internal punctuation altered)). The mere fact that the statute creates a "[r]ight of action," 29 U.S.C. § 2617(a)(2), and the regulation refers to "rights under FMLA," 29 C.F.R. 825.220(d), may suggest, but does not compel, an interpretation that the two uses of the word are coextensive. In light of the elasticity of the term "right," it is not clear to me that "rights under FMLA" on its face subsumes accrued causes of action.

Given the existence of at least some measure of ambiguity in the regulation's use of the term "rights," then, I cannot but conclude that deference to the DOL's interpretation is appropriate under *Auer*, 519 U.S. at 461. *See Christensen v. Harris County*, 529 U.S. 576, 588 (2000) ("*Auer* deference is warranted . . . when the language of the regulation is ambiguous."); *Humanoids Group v. Rogan*, 375 F.3d 301, 306 (4th Cir. 2004). I am further unpersuaded by any suggestion that the inconsistencies in the DOL's interpretation of the regulation over time must lessen the level of deference to be accorded its present view. *See Long Island Care at Home, Ltd. v. Coke*, 127 S. Ct. ___, ___, slip op. at 10-11 (2007) ("[A]s long as interpretive changes create no unfair surprise—and the Department's recourse to notice-and-comment rulemaking in an attempt to codify its new interpretation makes any such surprise unlikely here—the change in interpretation alone presents no separate ground for disregarding the Department's present interpretation." (internal citations omitted)); *cf.*

Majority Op. at 12 n.4 (noting that the DOL has issued notice that it is considering modifying the regulation to codify unambiguously its present interpretation).

Nevertheless, I fully agree that the history of the regulation at issue provides a model of how *not* to proceed during the rulemaking process. *See* Majority Op. at 9-12. Furthermore, timely intervention by the DOL before we issued *Taylor I* would have obviated the necessity of an additional hearing in this appeal, with its attendant expenditure of judicial and party resources.

With these cautionary addenda, I respectfully dissent.