**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-2221**

---

CYNTHIA DILLON,

Plaintiff - Appellee,

versus

MARYLAND-NATIONAL CAPITAL PARK AND PLANNING
COMMISSION,

Defendant - Appellant.

---

**No. 06-2309**

---

CYNTHIA DILLON,

Plaintiff - Appellant,

versus

MARYLAND-NATIONAL CAPITAL PARK AND PLANNING
COMMISSION,

Defendant - Appellee.

---

Appeals from the United States District Court for the District of
Maryland, at Greenbelt.  William Connelly, Magistrate Judge.
(8:04-cv-00994)

---

Submitted:  November 19, 2007      Decided:  December 11, 2007

---

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Adrian Robert Gardner, General Counsel, William C. Dickerson, Riverdale, Maryland, for Appellant/Cross-appellee. Michael P. Deeds, KESTELL & ASSOCIATES, Washington, D.C., for Appellee/Cross-appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals arise from Cynthia Dillon's successful action against the Maryland-National Capital Park and Planning Commission ("Commission"), alleging that she was wrongfully terminated in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 (2000) ("FMLA"). The Commission asserts that the district court erred when it denied its motions for judgment as a matter of law, as well as when it denied in part its motion in limine and overruled its evidentiary objections to exclude Dillon's post-termination evidence regarding her qualification for FMLA protection. Dillon has cross-appealed and asserts that the district court erred when it granted, in part, the Commission's summary judgment motion and dismissed her liquidated damages claim, and when it reduced the jury's backpay award. Finding no error, we affirm.

We find that the district court,[1] in a thorough memorandum opinion explaining its denial of the Commission's renewed motion for judgment as a matter of law, properly determined that substantial evidence supported the jury's verdict in Dillon's favor. See Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 543 (4th Cir. 2003). Moreover, because it was Dillon's burden to establish that her leave qualified for FMLA protection, see

---

[1]The parties consented to the exercise of the district court's jurisdiction by a U.S. Magistrate Judge. See 28 U.S.C. § 636(c) (2000).

<u>Yashenko v. Harrah's NC Casino Co., LLC</u>, 446 F.3d 541, 549 (4th Cir. 2006), the district court correctly found Dillon's post-termination evidence of which the Commission was unaware to be relevant under Fed. R. Evid. 401.  The Commission's assertions to the contrary, we find that any prejudicial effect that this evidence may have had was significantly reduced by the district court's limiting instruction to the jury to consider the post-termination evidence only in the context of determining whether Dillon's leave qualified for FMLA protection, and not whether the Commission violated the Act.  See <u>United States v. Love</u>, 134 F.3d 595, 603 (4th Cir. 1998) (holding that we will not overturn a district court's Fed. R. Evid. 403 judgment "except under the most extraordinary of circumstances, where a trial court's discretion has been plainly abused")  (internal brackets and quotation marks omitted); <u>United States v. Francisco</u>, 35 F.3d 116, 119 (4th Cir. 1994) ("We generally follow the presumption that the jury obeyed the limiting instructions of the district court").[2]

---

[2]The Commission also summarily asserts that the district court erred in refusing to answer the jury's post-instruction question as to whether violating the Commission's merit rules constituted "insubordination."  We find that the district court appropriately directed the jury to make its own determination by relying on the district court's jury instruction defining "insubordination."  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

We also conclude that the district court did not abuse its discretion in granting the Commission summary judgment on Dillon's liquidated damages claim. See Taylor v. Progress Energy, Inc., 493 F.3d 454, 459-60 (4th Cir. 2007) (analogizing FMLA claims to Fair Labor Standards Act claims); Mayhew v. Wells, 125 F.3d 216, 218 (4th Cir. 1997) (holding that this court reviews the district court's denial of liquidated damages under the Fair Labor Standards Act for abuse of discretion). The record supports the district court's conclusion that the Commission considered the possibility that Dillon's request for leave constituted a request for FMLA leave and gave her several opportunities to clarify her relationship with her grandmother. Although the jury later found the Commission's determination that Dillon's leave was not FMLA-protected to be incorrect, the record establishes that the Commission reasonably believed Dillon's leave did not qualify for FMLA protection. Accordingly, we conclude that the district court did not abuse its discretion in denying Dillon's request for liquidated damages. Cf. Roy v. County of Lexington, SC, 141 F.3d 533, 548-49 (4th Cir. 1998) (upholding district court's denial of liquidated damages claim under the Fair Labor Standards Act where there was no evidence the defendant's actions were designed to circumvent the Act).

Last, we find that the district court did not err when it amended the judgment reducing Dillon's backpay award to reflect the

evidence presented by Dillon.  See State Farm Fire and Cas. Co. v. Barton, 897 F.2d 729, 733 (4th Cir. 1990) ("Neither the existence, causation nor amount of damages can be left to conjecture, guess or speculation.") (internal quotation marks and citation omitted). Accordingly, we affirm the district court's final amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED